J-S32011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANGEL ENRIQUE CRUZ-ZAMBRANA | : | |
| | : | |
| Appellant | : | No. 157 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 18, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004047-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANGEL ENRIQUE CRUZ-ZAMBRANA | : | |
| | : | |
| Appellant | : | No. 165 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 18, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003932-2023

BEFORE:  LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:          **FILED: SEPTEMBER 22, 2025**

Angel Enrique Cruz-Zambrana appeals from the judgments of sentence,[1] entered in the Court of Common Pleas of Berks County, following

---

[*] Former Justice specially assigned to the Superior Court.

[1] On June 17, 2025, this Court consolidated Cruz-Zambrana's appeals *sua sponte*.  **See** Pa.R.A.P. 513.

his convictions at Docket Number CP-06-CR-0004047-2023 (No. 4047-2023) of two counts of robbery,[2] and one count each of person not to possess firearm,[3] carrying firearm without a license,[4] theft by unlawful taking,[5] receiving stolen property,[6] prohibited offensive weapons,[7] possessing instruments of crime (PIC),[8] terroristic threats,[9] and simple assault;[10] and at Docket Number CP-06-CR-0003932-2023 (No. 3932-2023) of one count each of person not to possess firearm, carrying firearm without a license, fleeing or attempting to elude police officer,[11] PIC, evading arrest or detention on foot,[12] accidents involving damage to attended vehicle or property,[13] reckless

_____

[2] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), (iii).

[3] *Id.* at § 6105(a)(1).

[4] *Id.* at § 6106(a)(1).

[5] *Id.* at § 3921(a).

[6] *Id.* at § 3925(a).

[7] *Id.* at § 908(a).

[8] *Id.* at § 907(a).

[9] *Id.* at § 2706(a)(1).

[10] *Id.* at § 2701(a)(3).

[11] 75 Pa.C.S.A. § 3733(a).

[12] 18 Pa.C.S.A. § 5104.2(a).

[13] 75 Pa.C.S.A. § 3743(a).

driving,[14] careless driving,[15] driving without a license,[16] failure to stop at red signal,[17] duties at stop sign,[18] and turning movements and required signals.[19] Additionally, Cruz-Zambrana's counsel, William Bispels, Esquire, has filed an application to withdraw as counsel, and an accompanying **Anders**[20] brief. Upon review, we deny Attorney Bispels' application to withdraw and remand to the trial court for a determination as to whether Attorney Bispels has functionally abandoned Cruz-Zambrana on appeal.

In light of our disposition, we need not set forth a lengthy factual history and, instead, note that a more thorough review is set forth in the trial court's opinion. **See** Trial Court Opinion, 4/25/25, at 3-6. Briefly, on November 9, 2023, at 4:00 p.m., a masked man, armed with a sawed-off shotgun, robbed Pawn Plus, located at 718 Lancaster Avenue, City of Reading, Berks County. Police responded to the robbery and were ultimately able to identify the

---

[14] **Id.** at § 3736(a).

[15] **Id.** at § 3714(a).

[16] **Id.** at § 1501(a).

[17] **Id.** at § 3112(a)(3)(i).

[18] **Id.** at § 3323(b).

[19] **Id.** at § 3334(a).

[20] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

robber's vehicle. On November 10, 2023, at 9:00 p.m., the police observed the suspected vehicle, which triggered a twenty-mile vehicle pursuit culminating in Cruz-Zambrana's arrest. A search warrant was obtained and the police recovered, *inter alia*,[21] a sawed-off shotgun. Additionally, police put together a photo line-up, at which one of the Pawn Plus employees identified Cruz-Zambrana.

Cruz-Zambrana proceeded to a consolidated jury trial and, on October 23, 2024, the jury found Cruz-Zambrana guilty of the above-mentioned offenses. The trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report.

On December 18, 2024, the trial court sentenced Cruz-Zambrana to an aggregate period of 14 to 30 years' incarceration across both dockets. Cruz-Zambrana filed a timely post-sentence motion, which the trial court denied on January 6, 2025.

Cruz-Zambrana filed a timely notice of appeal and both Cruz-Zambrana and the trial court have complied with Pa.R.A.P. 1925. On May 12, 2025, Attorney Bispels filed an **Anders** brief in this Court, and an accompanying

---

[21] The trial court more thoroughly sets forth the items recovered in its opinion. **See** Trial Court Opinion, 4/25/25, at 5-6.

application to withdraw. Cruz-Zambrana has not retained alternate counsel or filed a *pro se* response raising any additional issues.[22]

Before addressing Cruz-Zambrana's issues on appeal, we must determine whether Attorney Bispels has complied with the dictates of ***Anders*** and its progeny in petitioning to withdraw from representation. ***See Commonwealth v. Mitchell***, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) ("[w]hen presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw"). Pursuant to ***Anders***, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

---

[22] We note that, on July 2, 2025, Cruz-Zambrana filed a *pro se* "Application for Substitution of Appointed Counsel," in which he stated that he does not read, write, or speak English well, that he does not understand appellate procedure or the legal jargon Attorney Bispels has communicated to him, that Attorney Bispels did not appeal the correct case, and that he wants to "get on the same page of people representing . . . me." Application for Substitution of Appointed Counsel, 7/2/25, at 1. On July 25, 2025, this Court denied Cruz-Zambrana's motion. ***See*** Order, 7/25/25, at 1 (citing ***Commonwealth v. Rogers***, 645 A.2d 223 (Pa. 1994) (once appellate counsel has filed brief, appellant must proceed through counsel and claims of appellate counsel's ineffectiveness may be raised at later time).

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

After determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appears on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, Attorney Bispels filed an *Anders* brief and a separate application to withdraw from representation. Additionally, in his *Anders* brief, Attorney Bispels stated he made a "thorough" review of the record and concluded Cruz-Zambrana's appeal is frivolous. *See Anders* Brief, at 17. Attorney Bispels sent Cruz-Zambrana a letter informing him of Attorney Bispels' intention to withdraw and advising him of his right to proceed *pro se*

or retain alternate counsel. The record reflects that Attorney Bispels furnished Cruz-Zambrana with copies of the petition to withdraw and the ***Anders*** brief.

However, we conclude that the substance of Attorney Bispels' ***Anders*** brief is woefully deficient. The ***Anders*** brief summarizes the factual and procedural history of this appeal and purportedly identifies **22** sufficiency challenges. ***See id.*** at 17-18. Despite this, Attorney Bispels includes no analysis and, instead, only provides a "Summary of Argument" that spans two pages. ***See id.*** Further, the brief includes only a portion of a boilerplate standard of review, does not cite to our standard of review, does not cite the Crimes Code sections of Cruz-Zambrana's **22** convictions, does not discuss what, if any, of the elements of those crimes were or were not met, and does not explain anything that arguably supports his client's claims. ***See id.*** Rather, Attorney Bispels' entire brief amounts to a conclusion that Cruz-Zambrana's claims are frivolous because the two pawn shop clerks identified Cruz-Zambrana by his voice. ***See id.*** at 18.

We cannot accept such a deficient ***Anders*** brief. ***See*** Pa.R.A.P. 2119(a) (argument **shall** include "such discussion and citation of authorities as are deemed pertinent"); ***see also Commonwealth v. Armolt***, 294 A.3d 364, 379 (Pa. 2023) ("[M]ere issue spotting without sufficient analysis or legal support precludes appellate review."). Furthermore, "[c]ounsel **may not** file a brief that argues against his client's interest. A brief that essentially argues for affirmance is unacceptable." ***Commonwealth v. Vilsaint***, 893 A.2d 753,

758 (Pa. Super. 2006) (citations omitted, emphasis added); *see also* ***Commonwealth v. Smith***, 324 A.3d 1241, n.2 (Pa. Super. 2024) (Table) (denying Attorney Bispels' application to withdraw and rejecting Attorney Bispels' ***Anders*** brief for "effectively supporting the trial court's denial of the claim, as opposed to concluding that any challenge to the court's decision would be frivolous"); ***Commonwealth v. Lenhardt***, 2025 WL 2320443, *3 (Pa. Super. 2025) (Table) (this Court denying Attorney Bispels' application to withdraw and rejecting Attorney Bispels' ***Anders*** brief for including only boilerplate recitation of our standard of review and failing to explain "anything that arguably supports his client's claim"); ***Commonwealth v. Nelson***, 2025 WL 2320320, *2 (Pa. Super. 2025) (Table) (denying Attorney Bispels' application to withdraw and rejecting Attorney Bispels' ***Anders*** brief for including only boilerplate recitation of our standard of review and failing to cite to any of the 13 crimes his client was convicted of, discuss the relevant elements or facts of those crimes, and arguing in favor of affirmance); ***Commonwealth v. Boozer***, 2019 WL 5655295, at *4 (Pa. Super. 2019) (unpublished memorandum decision) ("Although an appellant's counsel is not required to advocate strongly in favor of issues he believes are frivolous, a brief that essentially argues for affirmance is unacceptable.") (cleaned up).[23]

---

[23] ***Boozer***, ***Lenhardt***, ***Nelson***, and ***Smith*** were filed after May 1, 2019, and, thus, may be cited for their persuasive value. *See* Pa.R.A.P. 126(b).

Therefore, Attorney Bispels' brief, which sets forth conclusory statements against Cruz-Zambrana's interest and otherwise provides no citations or analysis, does not fulfill the substantive requirements of *Anders* and *Santiago*. Accordingly, we deny Attorney Bispels' application to withdraw.

Further, we observe that on August 26, 2025, Cruz-Zambrana filed, in this Court, an application to proceed *pro se*. *See* Application to Proceed *Pro Se*, 8/26/25, at 1-3. Cruz-Zambrana alleges that he is permitted to proceed *pro se* because Attorney Bispels has filed an *Anders* Brief. *See id.* We note that Cruz-Zambrana erroneously cites to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) in support his claim. Nevertheless, we conclude that this filing, coupled with his previously filed application for substitution of counsel, exhibits a need for the trial court to ascertain whether or not Attorney Bispels has functionally abandoned Cruz-Zambrana.

Accordingly, we remand the instant case to the trial court for a *Grazier*[24] hearing, at which the trial court shall determine whether Cruz-Zambrana understands, reads, and writes the English language, whether he needs an interpreter to assist him in his communications with his attorney, whether Attorney Bispels has functionally abandoned Cruz-Zambrana, and whether Cruz-Zambrana wishes to proceed *pro se*. Once the trial court has

---

[24] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

memorialized its findings in an order, we further direct either Attorney Bispels or newly appointed counsel to submit either an advocate's brief or a compliant **Anders** brief within 30 days from the date of the trial court's order. The Commonwealth shall have 30 days thereafter to file a responsive brief.

Petition to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.